## COMBAS

*v.*

## RAMÓN VALDES.

---

San Juan, Law, No. 871.

ON MOTION TO REVIVE AGAINST PERSONAL REPRESENTATIVE.

Practice—Abatement.
    1. Under the Porto Rican procedure any cause survives the death of a defendant, and may be revived.

Heir—Liability.
    2. Under the civil law an heir accepting an estate without benefit of inventory is liable for all charges on the estate. This includes not only contractual but obligations arising from tort.

Combas v. Valdes.

Survival—Personal Obligations.
> 3. Where a man owns and operates a railroad, liability for tort by his employees survives his death.

Opinion filed February 21, 1914.

*Messrs. Savage & Francis* for plaintiff.

*Messrs. Travieso & Iriarte* for defendant.

HAMILTON, Judge, delivered the following opinion:

This action was brought and trial had during the life of the defendant, Ramón Valdes. It resulted in a verdict for the plaintiff, which was later set aside and a new trial granted. In this state of the case defendant died. Plaintiff now moves that the administrator of the estate of the defendant be substituted. On the other hand, the administrator appears for the purpose of moving that the suit be dismissed because it abated upon the death of the defendant. The cause of action is damages for personal injuries alleged to have been suffered by the plaintiff through the negligence of the employees of the deceased defendant in the operation of a railroad owned by the said defendant, and now under the control and management of the administrator in question.

This brings up the question whether, under the laws of Porto Rico, an action for damages arising *ex delicto* during the lifetime of a defendant survives against his estate after his death.

1. Section 43 of the Code of Civil Procedure, as amended in 1906, says the cause of action shall not abate by reason of

Combas v. Valdes.

the death of the defendant, but the administrator shall be summoned, and the cause shall proceed. The section distinguishes between causes which survive and those which do not, but this element by its terms applies only where the plaintiff dies. There seems to be a survivor in all cases where the defendant dies. There has been no construction of this phase of the statute in Porto Rico. It would seem that a distinction is drawn between the death of the plaintiff and that of the defendant.

2. Even if it was intended that this should be true of the defendant only if the cause of action be one which survives under some other principles of law, the cause of action in the present case would under the civil law, be of that character. It is true that this would not be so under the common law; that system of jurisprudence regards more the individual than the family. The peculiarity of the civil law is that it treats estates and families as themselves entities, while the common law lays more stress upon the individuality of those making up that family. There is consequently less freedom in making wills under the civil than under the common law, and the heir, when he accepts the estate, is under greater liability than at the common law. His freedom is limited to whether or not he will accept the estate; if he elects to accept, he is substituted, to all intents and purposes, in the place of the decedent. Acceptance and repudiation of the inheritance are acts entirely voluntary. Civil Code of Porto Rico, § 955. And through an acceptance pure and simple, or without benefit of inventory, the heir shall be liable for all the charges on the estate, not only with the property of the same, but also with his own. Civil Code of Porto Rico, § 969. There is no dispute in this

case that the acceptance of the estate has been complete. The Civil Code of Porto Rico, § 667, declares "the inheritance includes all the property, rights, and obligations of a person, which are not extinguished by his death," and Manresa in his Commentaries says of this section that "among these obligations are included not only those which the deceased may have entered into by contract, but also those which arise from his fault or negligence," 5th Com. 323. The kinds of obligations regarded by law are defined in § 1056 of the Civil Code of Porto Rico as those "created by law, by contracts, by quasi-contracts, and by illicit acts and omissions, or by those in which any kind of fault or negligence occurs."

Somewhat the same rule obtains under the French civil law, certainly where, during the lifetime of the tort feasor, issue has been joined. Edwards v. Ricks, 30 La. Ann. 926, 927.

3. Manresa, commenting on the equivalent of § 969 of the Porto Rico Civil Code, says that obligations of a purely personal character are not transmitted with inheritances. Precisely how far this goes it is not necessary to determine in this case. The liability set up in the complaint arises under §§ 1803, 1804 of the Civil Code, and in this instance applies "not only for personal acts or omissions, but also for those of the persons for whom they should be responsible." "Owners or directors of an establishment or enterprise are equally liable for the damages caused by their employees in the service of the branches in which the latter may be employed or on account of their duties." What might be the result of the death of a defendant in a suit for a personal tort committed by him is not involved in the case at bar. He chose to operate a railroad, and have under him in this business all the usual

officers and employees, and it is this "establishment" which has been transmitted to the administrator in question, with the result that damages by such officials and employees descend with the establishment itself. When the inheritance is accepted, claims of this character survive with it.

The conclusion follows that the motion to revive the case against the personal representative must be granted, and the motion of this representative to dismiss the suit is denied.

The same principle applies to the suit of Norberto Quiles, as personal representative of Manuel Quiles v. Ramón Valdes, No. 980, Law, and a similar order will be entered.